## BRITTON'S PETITION.

Where road commissioners, to whom a petition has been referred, have given due notice to the parties entitled to notice, of the time and place for entering upon the hearing, proceedings are "commenced or pending before them," within the meaning of chapter 40, section 8, of the Revised Statutes, so that they may regularly continue in office as to such proceedings until the same shall be completed, although in fact they do not attend at the time and place of hearing, and a new notice become, for that cause, necessary.

Whether one commissioner attending at the time and place so notified, have power to adjourn the proceedings, *quære.*

PETITION, for a new highway in Gilsum and Alstead.

This petition was referred to the road commissioners, who duly notified the towns and other parties interested, of a time and place of hearing, in January, 1848, when the towns and other parties attended, but only one of the commissioners was present. The hearing was adjourned by the commissioner to a subsequent day, and on that day all the commissioners attended and proceeded to hear the parties, and made a report, that the road appeared to have some claims, but it being an inclement season of the year they adjourned to meet again on the first Tuesday of May, 1848, should the commission be recommitted.

At the March term, 1848, after their year of office had expired, and a new board had been elected in their stead, the commission was recommitted by the court to the same commissioners to whom it was originally committed, who, at the September term, 1848, made a report in favor of laying out the road.

This report was, at the September term, 1848, recommitted by the court to the same commissioners, who afterwards again notified and heard the parties, and made another report in favor of laying out the road.

And now the towns of Gilsum and Alstead, by their counsel, object to the acceptance of their report, because, they say—

1st. The proceedings of the commissioners are irregular and void; their first meeting not having been held on the day so notified, and one of the commissioners having no power to adjourn.

2d. The commissioners had only power to complete proceedings duly commenced or pending before them, within the term for which they were elected to office, but not to begin, *de novo*, as by the present report, it is said, they have done.

The petitioners offered to show by affidavits that the said towns, and others interested, attended before the commissioners on the day to which the hearing was adjourned by the one commissioner, and made no objection to the commissioners then proceeding. And the petitioners were allowed to lay before this court such affidavits, as part of this case.

It was ordered that the questions arising upon the foregoing case be reserved and assigned to the determination of this court.

*W. P. Wheeler*, for the petitioners.

*Vose*, for Gilsum and Alstead.

WOODS, J. By the seventh section of the fiftieth chapter of the Revised Statutes, it is provided, that " any report of the road commissioners may, for good cause, be recommitted to such road commissioners," &c., and by the eighth section, that " the road commissioners shall continue in office as to all proceedings commenced or pending before them, until the same shall be completed, unless the court, for good cause shown, shall refer the same to the road commissioners for the time being."

In the present case, the commissioners made a report at the term next ensuing the one at which the petition was referred to them, which report the court recommitted to them,

although their term of office had expired, upon the ground that the proceedings in the matter had been "commenced," or were "pending before them" during their actual term of office, and that no good cause was shown for referring the proceedings to the road commissioners for the time being. The question is, whether in fact such proceedings were commenced or pending before them at the time of the order of recommitment. The case finds that the petition was regularly referred to them during their term of office, and that they proceeded regularly to notify, to the parties entitled to notice, a time and place to enter upon the hearing. This surely was a commencement of proceedings, and there seems no very clear ground for denying that such commencement was all that the language of the statute requires, to establish in the board the jurisdiction of the case. Such proceedings are liable to casualties, which may defeat what may have been done, and render it necessary for the commissioners to commence anew. A report may be recommitted for the very reason that some informality may have intervened to render a fresh action on the part of the board indispensable to reintegrate the proceeding. It seems to us that so far from such an occurrence having the effect to oust the board of its jurisdiction, it is exactly one of the causes which called for that provision of the statute which enables the old board to complete its unfinished business. And we think that there is no ground for holding that proceedings are no longer pending, after the occurrence of an error or informality that might even make the report inoperative as the foundation of a judgment. Reports, indeed, are often recommitted for the very purpose of supplying some omission that would otherwise vitiate the proceeding wholly or in part; and there is nothing to distinguish this case from others in that respect, except, perhaps, that the road commissioners had been prevented by some occurrence not explained, from proceeding so far in the business as in some cases. But we cannot impute an error to the court

Matthes *v.* Puffer.

below in adjudging that proceedings upon the petition were " commenced or pending " before the commissioners, within the year which constituted their term of office.

It is therefore unnecessary to determine whether one of the commissioners was legally competent to adjourn the hearing, or whether the irregularity, if such it was, was cured by the appearance of parties at the adjourned hearing, under the circumstances described by the case. Upon the second recommitment, the notices were given afresh, and no interruption or irregularity appears after that to have intervened. The exceptions must therefore be overruled and the report accepted.

*Report accepted.*